1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5               OAKLAND DIVISION

6

7   JERMAINE MERRELL HOLLIE,

8               Petitioner,              No. C 12-0417 PJH (PR)

9      vs.                               **ORDER FOR RESPONDENT
                                         TO SHOW CAUSE**
10  GARY SWARTHOUT, Warden,

11              Respondent.
    _____/
12

13          Petitioner, a California prisoner currently incarcerated at California State Prison-

14  Solano in Vacaville, has filed a pro se petition for a writ of habeas corpus pursuant to 28

15  U.S.C. § 2254.  He has paid the filing fee.

16          Petitioner was convicted in San Mateo County, which is in this district, so venue is

17  proper here.  *See* 28 U.S.C. § 2241(d).

18                            **BACKGROUND**

19          In 2008 petitioner was convicted of rape, *see* Cal. Penal Code  § 261(a)(2), and

20  sexual penetration with a foreign object, *see id.* § 289(a)(1).  *People v. Hollie*, 180 Cal. App.

21  4th 1262, 1265 (2010).  He was sentenced to a term of ten years in state prison.  *Id.*

22  He says he has exhausted the claims he raises here by way of a state habeas petition.

23                            **DISCUSSION**

24  A.    **Standard of Review**

25          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

26  custody pursuant to the judgment of a State court only on the ground that he is in custody

27  in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

28  § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

*United States District Court*
For the Northern District of California

**United States District Court**
For the Northern District of California

1    heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An

2    application for a federal writ of habeas corpus filed by a prisoner who is in state custody

3    pursuant to a judgment of a state court must "specify all the grounds for relief available to

4    the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules

5    Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the

6    petition is expected to state facts that point to a 'real possibility of constitutional error.'"

7    Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.

8    1970)). "Habeas petitions which appear on their face to be legally insufficient are subject

9    to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102,

10    1108 (9th Cir. 1996) (Schroeder, J., concurring).

11    **B.**    **Legal Claims**

12       As grounds for federal habeas relief, petitioner asserts that: (1) His trial counsel was

13    ineffective by not knowing his client's possible maximum exposure; (2) trial counsel was

14    ineffective in failing to present witnesses to support the consent defense; (3) trial counsel

15    was ineffective in failing to seek proper instructions on police loss of evidence; and (4) the

16    lack of a preliminary hearing on the DNA evidence and the state's changed position on

17    appeal were violations of due process. These claims are sufficient to require a response.

18                    **CONCLUSION**

19       1. The clerk shall serve by regular mail a copy of this order and the petition and all

20    attachments thereto on respondent and his attorney, the Attorney General of the State of

21    California. The clerk also shall serve a copy of this order on petitioner.

22       2. Respondent shall file with the court and serve on petitioner, within fifty-six (56)

23    days of the issuance of this order, an answer conforming in all respects to Rule 5 of the

24    Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

25    not be granted. Respondent shall file with the answer and serve on petitioner a copy of all

26    portions of the state trial record that have been transcribed previously and that are relevant

27    to a determination of the issues presented by the petition.

28       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

**United States District Court**
For the Northern District of California

1  the court and serving it on respondent within twenty-eight days of his receipt of the answer.

2      3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

3  answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

4  Section 2254 Cases.  If respondent files such a motion, it is due fifty-six (56) days from the

5  date this order is entered.  If a motion is filed, petitioner shall file with the court and serve

6  on respondent an opposition or statement of non-opposition within twenty-eight (28) days of

7  receipt of the motion, and respondent shall file with the court and serve on petitioner a reply

8  within fourteen days of receipt of any opposition.

9      4.  Petitioner is reminded that all communications with the court must be served on

10  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner

11  must keep the court informed of any change of address and must comply with the court's

12  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for

13  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*

14  *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

15      **IT IS SO ORDERED.**

16  Dated:  October 26, 2012.      _____

17                  PHYLLIS J. HAMILTON
                  United States District Judge

18

19

20

21

22

23

24

25

26

27

28  G:\PRO-SE\PJH\HC.12\Hollie0417.osc.wpd

3